02-12-506-CV_REH









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT
 OF APPEALS
 SECOND
 DISTRICT OF TEXAS
 FORT
 WORTH
  
 
 


 

 

NO. 02-12-00506-CV

 

 


 
 
 Kimberly Gafford
  
  
 v.
  
  
 Quantum Servicing Corporation
 
 
 §
  
 §
  
 §
  
 §
 
 
 From the 352nd District Court
  
 of Tarrant County (352-259623-12)
  
 February 15, 2013
  
 Opinion by Justice McCoy
 
 


 

 

JUDGMENT ON REHEARING

 

          After considering Kimberly Gafford’s motion
to vacate judgment on motion to rehear and reconsider, we deny the motion.  We
withdraw our January 17, 2013 opinion and judgment and substitute the
following.

This court has again considered the record on appeal
in this case and holds that the appeal should be dismissed.  It is ordered that
the appeal is dismissed for want of jurisdiction.

 

SECOND DISTRICT COURT OF APPEALS


 

 

By_________________________________

    Justice Bob McCoy

 

 

 

 

 









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT
 OF APPEALS
 SECOND
 DISTRICT OF TEXAS
 FORT
 WORTH
  
 
 


 

 

NO. 02-12-00506-CV

 

 


 
 
 KIMBERLY GAFFORD
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 QUANTUM SERVICING CORPORATION
 
 
  
 
 
 APPELLEE
 
 


 

                                                                                                                             

------------

 

FROM THE
352ND DISTRICT COURT OF TARRANT COUNTY

 

------------

 

MEMORANDUM OPINION[1] ON REHEARING

 

------------

We deny Appellant Kimberly Gafford’s “Motion to Vacate
Judgment on Motion to Rehear and Reconsider,” but we withdraw our prior opinion
and substitute the following in its place.

On October 18, 2012, the trial court granted Appellee
Quantum Servicing Corporation’s motion to compel discovery responses against Gafford,
who appeared pro se.  Gafford then filed a motion for reconsideration,
complaining that the trial court had also ruled in favor of Quantum Servicing
Corporation on Gafford’s motion for default judgment.  The trial court denied
Gafford’s motion for reconsideration on December 12, 2012.  Gafford then filed
a notice of appeal, attempting to appeal “the Final Order enter[ed] on December
12, 2012, from the hearing date on November 15, 2012 on Motion to
reconsideration [sic] base[d] on New information.”

We notified Gafford of our concern that we lacked
jurisdiction over the appeal because the order did not appear to be final or an
appealable interlocutory order.  See Tex. R. App. P. 42.3(a); Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  We informed Gafford that
her appeal was subject to dismissal for want of jurisdiction unless she or any
party desiring to continue the appeal filed with the court a response showing
grounds for continuing the appeal.  Gafford filed a response, but it did not
show grounds for continuing the appeal, and we dismissed the appeal for want of
jurisdiction on January 17, 2013.  See Tex. R. App. P. 42.3(a), 43.2(f).

On January 28, 2013, Gafford filed her motion for
rehearing in this case, arguing that when her motion for default judgment was
denied, she had the right to appeal the denial of that motion.  Cf. Lehmann,
39 S.W.3d at 195.  But see Tex. R. Civ. P. 239; Alvarez v. Kirk,
No. 04-04-00031-CV, 2004 WL 2480141, at *1 (Tex. App.—San Antonio Nov. 4, 2004,
no pet.) (mem. op.) (op. on reh’g) (“If the defendant files an answer after the
deadline to answer but before the trial court considers a motion for default
judgment, the court cannot render a default judgment.”).  Because her appeal of
that interlocutory order was properly dismissed for want of jurisdiction, we
deny her motion for rehearing.  Nonetheless, we note that as the trial court
disposed of the entirety of Gafford’s case on January 31, 2013, our disposition
here has no effect on any subsequent appeal that Gafford may bring through the
timely filing of a notice of appeal from that January 31, 2013 order.  See
Tex. R. App. P. 26.1.

 

                                                                             BOB
MCCOY

                                                                             JUSTICE

 

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

 

DELIVERED:  February 15, 2013









[1]See
Tex. R. App. P. 47.4.